[Civ. No. 6755. Third Dist. Apr. 21, 1942.]

ALVA L. PHILLIPS, Appellant, v. JAMES C. McINTOSH et al., Respondents.

J. O. Stemmler and George M. Hench for Appellant.

Lafayette J. Smallpage and Forrest E. Macomber for Respondents.

TUTTLE, J.—Plaintiff seeks to recover the sum of $1,131.99 for work performed and materials furnished. At the close of her case, the court granted defendants' motion for nonsuit, and plaintiff prosecutes this appeal from the order granting said motion.

The sole question on appeal is whether or not the evidence brings the case within the purview of section 7031 of Business and Professions Code, which reads as follows:

"No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract."

Plaintiff made no proof of complance with said section, and relied solely upon the theory that she was not a contractor, but an employee, and hence required no license.

Section 7026 of the Business and Professions Code defines the term "contractor" as follows:

"The term 'contractor' for the purposes of this chapter is synonymous with the term 'builder' and, within the meaning of this chapter, a contractor is any person, except a licensed architect or a registered civil engineer acting solely in his professional capacity, who in any capacity other than as the

employee of another with wages as the sole compensation, undertakes to or offers to undertake to or purports to have the capacity to undertake to or submits a bid to, or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building, highway, road, railroad, excavation or other structure, project, development or improvement, or to do any part thereof, including the erection of scaffolding or other structures or works in connection therewith.''

It is the duty of the trial court to deny a motion for nonsuit if there is any substantial evidence which, with the aid of all legitimate inferences favorable to the plaintiff, tends to establish the averment of the complaint, or, in other words, where plaintiff's evidence would support a judgment in his favor. (9 Cal. Jur., § 36, pp. 558-559.) We will proceed to subject plaintiff's evidence to the foregoing rule.

C. F. Phillips testified that he was the manager of the Phillips Heating and Plumbing Company, and as such manager, he performed the work and labor, and furnished the material, as alleged in the complaint, for the defendant James C. McIntosh, doing business under the name of Electric Planing Mill. The work was done for defendant Kestin, through the Electric Planing Mill. He testified that he was the husband of plaintiff Alva L. Phillips, and was in full charge of plaintiff's business as her manager; that plaintiff personally performed no labor; that he had a conversation with defendant McIntosh, in regard to doing the work and supplying the materials mentioned in the complaint; that McIntosh told him that he wished to have some plumbing work done in a restaurant at Merced, on a time-and-material basis; that there was no bid made for the value of the labor or material, and that his only instructions were ''to go down there and see the business agent, and see that it was run on a Union basis''; that all work was to be done according to instructions received from the manager of the restaurant where the work was to be done. He further testified that he paid for helper's labor the sum of $6.00 per day, while he charged defendants $8.00 for such work. To use his language: ''I made a profit on it, which I was entitled to.''

In regard to the materials to be used on the job, Phillips testified: ''I was to use everything that he had there that I could find, and not to buy anything except what we had to

have and he didn't have." There is further evidence to the effect that all the materials supplied were billed direct to defendant McIntosh, doing business under the name of "Electric Planing Mill." Phillips testified that he charged defendants 15 per cent upon all materials furnished by plaintiff, and he also charged for board and room furnished his employees.

■ We have set forth facts proven by plaintiff which are most favorable to her. We are of the opinion, however, that such facts do not establish a *prima facie* case. It is at once apparent that the only reasonable conclusion to be drawn from such evidence is that plaintiff was acting in a capacity "other than as the employee of another with wages as the sole compensation." Plaintiff made a profit upon the labor of others. She charged 15 per cent over and above the cost of materials. She performed no labor herself.

Appellants have cited numerous cases upon the question of the relation of employer and employee. We do not deem it necessary to discuss them at length, as we are concerned only with the definition of a "contractor" as laid down by the Legislature in the Business and Professions Code. We conclude that under the facts as adduced by plaintiff, it was necessary for her to prove that she had a contractor's license. Failing in this, she is precluded from bringing or maintaining the action.

The judgment is affirmed.

Thompson, Acting P. J., concurred.