[Civ. Nos. 14282, 14283. Second Dist., Div. Three. July 11, 1944.]

MARY KIRMAN et al., Plaintiffs and Appellants, v. RENA B. BORZAGE, Defendant and Appellant.

Henry M. Lee for Plaintiffs and Appellants.

Charles Murstein for Defendant and Appellant.

BISHOP, J. pro tem.—Plaintiffs are disappointed in the amount of their judgment; they sued for the principal sum of $3,679.61 and have appealed because they claim that the judgment which was entered, one for $2,000, is for a sum less than that required by the evidence. The defendant also has ap-

158

pealed, her contention being that it was error to render judgment in the plaintiffs' favor for any amount. We find ourselves in agreement with defendant's contention.

█ Plaintiffs alleged and proved that they were a copartnership, engaged in the plumbing business. They alleged and proved that on the 3rd day of September, 1941, they entered into a contract with the defendant by which they undertook to furnish the labor and material necessary to perform, and they did perform, rather extensive plumbing work in connection with a house, garage, swimming pool, and other places on her property. But they neither alleged nor proved that they had a license from the State of California to engage in the business or act in the capacity of a contractor. Plaintiffs were plainly a "contractor," within the purview of section 7026, of the Business and Professions Code, and they acted in the capacity of a contractor in undertaking to do and in doing the work for which they seek compensation. It was unlawful, therefore, for plaintiffs to do the work, if they were unlicensed (Bus. & Prof. Code, § 7028), and so long as they fail to allege and prove that they had a license, they are precluded from a judgment in this action by the provisions of section 7031, Business and Professions Code, which reads: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." (*Phillips* v. *McIntosh* (1942), 51 Cal.App.2d 340 [124 P.2d 835] ; and see *Alvarado* v. *Davis* (1931), 115 Cal.App.Supp. 782 [6 P.2d 121] ; *Holm* v. *Bramwell,* (1937), 20 Cal.App.2d 332 [67 P.2d 114] ; *Sheble* v. *Turner* (1941), 46 Cal.App.2d 762 [117 P.2d 23].) The public policy involved here has been determined by the Legislature; it is not a subject of debate in the courts.

█ Plaintiffs contend that they proved at the trial that the necessary license had been obtained, but we find this not to be so. It is true that one of the plaintiffs testified that he had been licensed as a master plumber, and that he had a license to do general plumbing business as a contracting plumber, but whether the state, or the city, issued the license, was not disclosed. Of greater consequence, the fact that one

of the plaintiffs had a license does not suffice where the co-partnership appears as the contractor. Sections 7025, 7028, 7029, 7067, 7068(b), 7071 and 7076 plainly indicate that a copartnership, if acting in the capacity of a contractor, is required to have a license as a person, and that this requirement is not satisfied by the issuance of a license to one of the partners.

Plainly, then, it was error to award the plaintiffs a judgment for any amount. This conclusion brings us to the problem of the details of the judgment we should render. If the defendant's appeal were all that we had before us, we might be inclined to reverse the judgment with directions to limit the new trial to the single issue of the existence of the license, as was done in *Siemens* v. *Meconi* (1941), 44 Cal.App.2d 641 [112 P.2d 904]. But we also have plaintiffs' appeal before us, and it raises a strong doubt as to the correctness of the amount awarded. ■ No price was agreed upon between the plaintiffs and the defendant for the work that she wanted done; indeed, the extent and details of the work, which consisted of repairs and remodelling, were not known initially, but developed as the work progressed. The compensation to which plaintiffs became entitled, therefore, was the reasonable value of the labor and material they furnished to the defendant together with a reasonable sum, for overhead, supervision, profit, or by whatever other name it may be called. Plaintiffs produced evidence that the total of these items was $3,679.61 and earnestly contend that the defendant produced no evidence to the contrary. Were this clearly so, we might take steps to modify the judgment to conform to plaintiffs' prayer, if the possession of a license could be established. ■ It clearly appears, however, that the trial judge had good reason to conclude that plaintiffs' total was too high. For example, they included in their account the services of helpers to the extent of just over four hundred hours. They paid these helpers at the rate of sixty cents per hour, but charged the defendant $1.50. The trial court was quite justified in concluding that there had been an overcharge here, one not reasonable. The defendant lists a number of items such as this, but their total does not appear to justify a reduction of $1,679.61 from plaintiffs' total, the amount which would be necessary to enable us to affirm the round sum of $2,000 which constituted the judgment. ■ The fact that the trial

160

judge visited the scene where the work was done does not make this a case where we should presume that there is ample evidence beyond that disclosed in the record, to sustain the findings as to the reasonable value of labor and materials, for the reasonable value of work upon materials now hidden away in walls and underground cannot be obtained from a view of the walls and ground. To sum up, we are of the opinion that neither $2,000 nor $3,679.61 clearly appears to be the proper amount to be awarded, so that we find it inadvisable to limit further proceedings in this case to a discovery of the fact respecting the issuance of a contractor's license to plaintiffs.

The judgment in plaintiffs' favor having been rendered contrary to the express provisions of a penal statute, is reversed, with directions to the trial court to permit the plaintiffs to amend their complaint, if they be so advised, to allege that they were licensed as contractors when they undertook to perform and performed the work for which they are seeking compensation. The judgment having been reversed on defendant's appeal, plaintiffs' appeal is moot, and is dismissed.

Desmond, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 8, 1944, and plaintiffs' and appellants' petition for a hearing by the Supreme Court was denied September 1, 1944. Curtis, J., and Carter, J., voted for a hearing.