[Civ. No. 15093.   Second Dist., Div. Three.   Aug. 29, 1946.]

MARY KIRMAN, as Administratrix, etc. et al., Appellants, v. RENA B. BORZAGE, Respondent.

Henry M. Lee and Warren E. Libby for Appellants.

Charles Murstein for Respondent.

DESMOND, P. J.—Plaintiffs appeal from an order sustaining defendant's demurrer to their third amended complaint without leave to amend and from the judgment of dismissal entered therein.

The instant appeal is the second one in the above entitled action, the first having been decided by this court and reported in 65 Cal.App.2d 156 [150 P.2d 3].

The facts are these: On September 3, 1941, defendant entered into an agreement with George W. Kirman Company as follows:

"KIRMAN PLUMBING TRinity 5456 # 35460

Customer's Order Blank and Agreement with GEO. W. KIRMAN CO.

Los Angeles, Calif. 9/3/41.

Rena B. Borzage to Geo. W. Kirman Co. 756 Merchant St.

I, the undersigned owner of (or tenant on) the property located at 3974 Wilshire 146 N. Rossmore Street, California hereby authorize you to do the following plumbing work on said premises, for which I agree to pay for same upon demand. In the event of it being necessary for the Geo. W. Kirman Co. to file suit to collect the amount of this bill or any unpaid balance of same I hereby agree to pay all attorney's fees and all costs. Do the work as follows: Alter plumbing as ordered.

CHARGE Signed Rena B. Borzage

PLUMBER C. Diel.''

The property described above as "146 Rossmore" was property owned by defendant, and that described as "3974 Wilshire" was property formerly owned by defendant and her former husband. "C. Diel" was a plumber regularly employed by the George W. Kirman Company.

Pursuant to the agreement, certain plumbing alterations were made on the two parcels of property, the work being completed on November 27, 1941. On February 17, 1942,

plaintiffs Mary Kirman and G. Paul Kirman as "copartners doing business under the fictitious firm name and style of GEORGE W. KIRMAN COMPANY" filed a mechanic's lien for the sum of $3,382.63 on the North Rossmore property owned by defendant. On April 27, 1942, plaintiffs, as copartners, brought suit to foreclose the mechanic's lien and for money due on the contract. The original complaint contained two counts, the first for the foreclosure of the lien, and the second for $3,679.61, for money allegedly due on the contract. The complaint recited that the plaintiffs were copartners doing business under the fictitious firm name of George W. Kirman Company, their certificate showing that name as having been recorded on December 4, 1941; that defendant entered into an agreement whereby the plaintiffs agreed to furnish material and labor for defendant; that they furnished same and that defendant was indebted to them. Defendant answered, setting forth separate defenses and counterclaim. After trial, the court found that plaintiffs were entitled to recover from defendant the sum of $2,000, plus $500 for attorney's fees and ordered a decree of foreclosure on the North Rossmore property. Both parties prosecuted an appeal, plaintiffs claiming that the $2,000 judgment was for a sum less than that required by the evidence, while defendant urged (for the first time on appeal) that the complaint did not state facts sufficient to constitute a cause of action in that plaintiffs did not allege that they were duly licensed contractors at all times during the performance of the work, as provided for in section 7031, Business and Professions Code. This court, in reversing the judgment (65 Cal.App.2d 156), made the following statement (p. 160) : "To sum up, we are of the opinion that neither $2,000 nor $3,679.61 clearly appears to be the proper amount to be awarded, so that we find it inadvisable to limit further proceedings in this case to a discovery of the fact respecting the issuance of a contractor's license to plaintiffs.

"The judgment in plaintiffs' favor having been rendered contrary to the express provisions of a penal statute, is reversed, with directions to the trial court to permit the plaintiffs to amend their complaint, if they be so advised, to allege that they were licensed as contractors when they undertook to perform and performed the work for which they are seeking compensation. The judgment having been reversed on defendant's appeal, plaintiffs' appeal is moot, and is dismissed."

After the filing of the remittitur, plaintiffs filed their "Amended Complaint," "Second Amended Complaint" and "Third Amended Complaint," respondent demurring to each. The grounds of defendant's demurrer to the "Third Amended Complaint," which was sustained without leave to amend, were that (a) it "does not state facts sufficient to constitute a cause of action," (b) the "purported first cause of action does not state facts sufficient to constitute a cause of action," (c) the "purported first cause of action is barred by the provisions of Section 1190 of the Code of Civil Procedure," and (d) the "purported second cause of action does not state facts sufficient to constitute a cause of action."

Plaintiffs' third amended complaint seeks to foreclose the identical mechanic's lien which was mentioned in the original complaint, and in the second count seeks to recover the same amount of money on the contract of September 3, 1941, that was sought originally. The complaint also names the same parties as plaintiffs and defendant. It differs, however, from the original in that instead of alleging that *plaintiffs* entered into the contract of September 3d and furnished the labor and materials for which recovery is sought, it is alleged that *plaintiff Mary Kirman, as administratrix* of her deceased husband's estate, entered into the contract sued upon and performed the work and supplied the materials on defendant's property. The complaint alleges, among other things, that for many years George W. Kirman conducted a plumbing business under the fictitious firm name of George W. Kirman Company; that he died on April 25, 1939; that thereafter plaintiff Mary Kirman, his widow, was appointed administratrix of his estate and continued as such "to and including the 27th day of November, 1941" [the date when the work on defendant's property was completed]; that plaintiff Mary Kirman was authorized by order of the Probate Court to carry on the business of George W. Kirman "until the further order of said court"; that prior to the expiration of the license to operate the plumbing business issued to George W. Kirman, plaintiff Mary Kirman, as administratrix, applied for a renewal thereof; that she was advised by the "Contractors State License Board that the Contractors License law at said time provided that the Act [sec. 7041, Bus. & Prof. Code] 'does not apply to officers of a court provided they are acting within the scope of their office,' " and the license fee tendered by her was refunded with the advice that "since you are legally appointed as administratrix of the estate, it is unnecessary

for you to secure a license"; that *plaintiff Mary Kirman,* as administratrix, and "as an officer of said court" operated the plumbing business as a plumbing contractor "for and during the entire months of September, October, and November, 1941"; that by reason of the exemption provided for in section 7041, Business and Professions Code, and because the labor and materials were supplied during the months of September, October, and November, 1941, "while said Mary Kirman . . . was acting as an officer of said court, she was not obliged to have a license"; that since December 4, 1941, *plaintiffs* have been copartners doing business under the fictitious firm name and style of George W. Kirman Company, having recorded their certificate therefor on said date; that *plaintiffs* were the sole heirs of George W. Kirman, deceased, being his surviving son and widow, and became the owners of the plumbing business subject to the administration of his estate; that by virtue of the decree of distribution made on November 4, 1941, the "plumbing business, together with all its assets and liabilities and accounts receivable, were formally distributed" to the *plaintiffs,* the claim and demand sued upon being one of the assets distributed to them; that on February 19, 1942, "plaintiffs having theretofore acquired all right, title and interest in and to said plumbing business . . . by virtue of the decree of distribution made and entered in said Probate Proceedings No. 185,567 . . . and being then and there the owners and holders of the claim herein sued upon, filed . . . their claim of Lien and Notice of Lien in writing, duly verified." The second cause of action incorporated certain paragraphs of the first cause and alleged that *plaintiff Mary Kirman,* as administratrix of her deceased husband's estate, entered into the contract of September 3, 1941, and that she "performed all of the conditions of said contract on her part to be performed"; that *plaintiffs,* "being then and there the owners of the account sued upon, did, on the 14th day of April, 1942, upon defendant, Rena B. Borzage's demand, furnish her with a full, complete and detailed statement of all material, supplies and labor furnished, together with a detailed statement of what work was done at her special instance and request, showing the total amount due from said defendant unto these plaintiffs to be the said sum of $3,679.61." The prayer of the complaint asked for the same relief as prayed for in the original complaint.

Respondent makes the point that the complaint al-

leges "that the Decree of Distribution was made on November 4, 1941; the Complaint further alleges the furnishing of labor and materials continued to November 27, 1941. Hence, it is obvious that, even if we were to assume, without conceding or admitting that Appellant Mary Kirman did not require a license while operating the business under the order of Court, the operation of the business by the administratrix terminated and ended at the time of the making of the Decree of Distribution, to-wit, November 4, 1941; while the materials and labor were furnished until November 27, 1941. It is manifest that Mary Kirman was not operating the business under Court Order after the Decree of Distribution was made on November 4, 1941, and therefore not exempt from the mandatory license provisions during all of the time that the materials and labor were furnished, because materials and labor were furnished, as Appellants allege, until November 27, 1941." The point is not well taken since Mary Kirman did not file her receipts from distributees until November 29, 1941, and was not discharged, as administratrix, until December 5, 1941, eight days after the completion of the work.

■ It was respondent's argument in support of her demurrer, and is likewise urged on appeal in support of the trial court's action in sustaining the demurrer, that the plaintiffs are proceeding upon "an entirely different cause of action" in that the third amended complaint alleges that plaintiff Mary Kirman, as administratrix, performed the work and furnished the materials, while the original complaint, as well as the first and second amended complaints, allege that *plaintiffs*, as copartners, furnished the labor and materials; that, therefore, the plaintiffs have not amended their complaint in "conformity with the express and limited permission and authority granted them" in the former appeal. ■ We have reread our opinion filed upon the former appeal and instead of finding permission and authority to amend expressly limited, we note, as we have already quoted, the following passage: "we find it inadvisable to limit further proceedings in this case to a discovery of the fact respecting the issuance of a contractor's license to plaintiffs." This language opened the gates for the introduction of any pertinent amendments.

■ See *Ginsberg* v. *Faraone*, 126 Cal.App. 337 [14 P.2d 777], where the following appears (p. 343): "In both the original and the amended complaints, it was sought to foreclose the identical lien, for the identical work, labor and mate-

rials, arising out of the identical transaction and covering the same property." The opinion then refers to the case of *Frost* v. *Witter*, 132 Cal. 421, 424 [64 P. 705, 84 Am.St.Rep. 53], to the effect that "great liberality should be used by the courts in allowing amendments." In the Ginsberg case, as in the instant appeal, the claim was made on demurrer that the action was barred by section 1190 of the Code of Civil Procedure, requiring the filing of an action to foreclose a mechanic's lien within 90 days after completion of the work. In that case the foreclosure suit was filed May 25, 1926, and did not go to trial until after August 26, 1929, when the second amended complaint was filed. The court held (p. 343): "Where the cause of action is not changed, the time to which the statute of limitations runs is the filing of the original complaint."

In discussing the trial judge's power to permit amendment of pleadings, the court in *Klopstock* v. *Superior Court*, 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318] sets forth the test (p. 20): "In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. As the court says in the Frost case (*supra*, p. 426), for the purpose of determining whether amendment is possible, the 'cause of action' referred to as furnishing the test means only the legal obligation which it is sought to enforce against the defendant. Other courts have used almost identical language; *the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant.*" (Italics ours.)

We are satisfied that the third amended complaint stated a cause of action. The judgment is reversed and the cause remanded for further proceedings.

Shinn, J., and Wood, J., concurred.

A petition for a rehearing was denied September 30, 1946, and respondent's petition for a hearing by the Supreme Court was denied October 24, 1946.