[Civ. No. 16544. Second Dist., Div. Two. Feb. 4, 1949.]

MARY KIRMAN et al., Respondents, v. RENA B. BORZAGE, Appellant.

Charles Murstein for Appellant.

Henry M. Lee and Warren E. Libby for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs in a trial before the court without a jury in an action predicated upon two causes of action, (1) for the foreclosure of a mechanic's lien, and (2) to recover $3,679.61 alleged to be due on a written contract, defendant appeals.

## FACTS

The present action was instituted April 27, 1942, resulting in a judgment in favor of plaintiffs, which was reversed upon appeal. (*Kirman* v. *Borzage,* 65 Cal.App.2d 156 [150 P.2d 3].) Thereafter, plaintiffs filed their amended, second amended, and third amended complaints. To the latter pleading a demurrer was sustained without leave to amend, and

a judgment entered accordingly, which upon appeal was reversed. (*Kirman* v. *Borzage,* 75 Cal.App.2d 865 [172 P.2d 90].) The trial from which the present appeal was taken was upon the issues raised by the third amended complaint and the answer thereto.

## QUESTIONS

First: *Did the third amended complaint state facts sufficient to constitute a cause of action?*

This question must be answered in the affirmative. There is no merit in defendant's contention that the complaint as amended did not state a cause of action because of the fact that each alleged cause of action failed to allege that plaintiffs as copartners were licensed contractors throughout the period the work was done and materials furnished, for the value of which recovery is here sought. This same point was made by defendant in the appeal in *Kirman* v. *Borzage,* 75 Cal.App.2d 865 [172 P.2d 90], and the court ruled against defendant's contention, holding that the complaint as amended did state a cause of action. Therefore this ruling has become the law of the case and will be adhered to by us.

Where questions presented on a subsequent appeal were necessarily involved in a former appeal, and the conclusion arrived at on the former appeal could not have been reached without expressly or impliedly deciding the question subsequently urged, the decision on the former appeal is the law of the case and rules throughout all subsequent stages of the action. (*People* v. *Walker,* 76 Cal.App. 192, 202 [244 P. 94]; *Knollenberg* v. *State Bank of Alamogordo,* 40 N.M. 284 [58 P.2d 1195, 1196].) This rule is applicable in the present case.

Second: *Do the findings of fact, conclusions of law and the judgment based thereon find substantial support in the evidence?*

This question must be answered in the affirmative. There is no merit in defendant's contention that the evidence shows that the material and labor were furnished by plaintiffs as copartners rather than by Mary Kirman as administratrix of the estate of her deceased husband who did business under the fictitious firm name of George W. Kirman & Company.

On cross-examination G. Paul Kirman testified as follows: "Q. You installed the various pipes, didn't you? A. Yes, sir, our plumber did. Q. When I say 'you' I mean your company? A. O.K. yes. Q. Unless I specifically ask about yourself per-

sonally, I mean your company installed those pipes? A. Yes, sir.''

Also Clarence Diel, in testifying relative to material furnished to defendant was asked, ''Q. I mean by that your company,'' to which he answered, ''Yes.''

The above testimony indicates clearly that the term ''your company'' was used to distinguish the work done and material furnished by the firm from that work done by an individual witness. The same conclusion is to be reached from the testimony of Mrs. Kirman. Such testimony constitutes sufficient evidence to sustain the findings of fact, conclusions of law and the judgment predicated thereon. No useful purpose would be served by citing more of the evidence. (See *Estate of Isenberg*, 63 Cal.App.2d 214 [146 P.2d 424].)

■ Third: *Was there a fatal variance between the allegations of the complaint and the mechanic's lien?*

This point is also without merit for the reason that the same argument was made upon the former appeal, *Kirman* v. *Borzage*, 75 Cal.App.2d 865 [172 P.2d 90]. In the former appeal the ruling was adverse to defendant, and that ruling has now become the law of the case with the result that such determination is conclusive at all subsequent stages in the present action, and this rule applies even though specific reasons are subsequently urged in support of defendant's contention which were not urged on the former appeal. (See *People* v. *Walker, supra*, p. 202; *McCowen* v. *Pew*, 18 Cal.App. 302, 312 et seq. [123 P. 191].)

■ Fourth: *Is the judgment in the present action contrary to the law of the case as announced in Kirman* v. *Borzage, 65 Cal.App.2d 156 [150 P.2d 3]?*

This question must be answered in the negative. In reversing the judgment on the first appeal, the court stated, in *Kirman* v. *Borzage*, 65 Cal.App.2d 156, at page 160 [150 P.2d 3]: ''To sum up, we are of the opinion that neither $2,000 nor $3,679.61 clearly appears to be the proper amount to be awarded, so that we find it inadvisable to limit further proceedings in this case to a discovery of the fact respecting the issuance of a contractor's license to plaintiffs.''

Defendant therefore argues that the appellate court held that plaintiffs were not entitled to the sum of $3,679.61. Such was not the holding on the former appeal. The court merely held that from the evidence then before it neither the sums of $2,000 nor $3,679.61 were the amount to be awarded to plaintiffs and remanded the case for further proceedings to deter-

mine the proper amount. The proper amount was established by the testimony introduced by plaintiffs. Testimony covering the items for which judgment was allowed was given at the last trial which included the testimony of the witness G. Paul Kirman, and fully sustains the award to plaintiffs. The present situation falls within this rule: Where there are successive appeals, a judgment or determination ceases to be of binding force if the facts presented at the retrial are essentially different. (*Burbank* v. *National Casualty Co.*, 43 Cal.App.2d 773, 777 [111 P.2d 740]; *Cowell* v. *Snyder*, 171 Cal. 291, 297 [165 P. 920].)

It is unnecessary to cite authorities to support the proposition that contrary testimony and inferences to those drawn by the trial court may not be considered by us in order to overthrow the findings which the trial court has made predicated upon substantial evidence.

■    Fifth: *Was all the labor and material furnished and supplied after October 14, 1941, furnished and supplied by the partnership rather than by Mary Kirman as administratrix?*

This question must be answered in the negative. Defendant contends that Mary Kirman as administratrix signed and verified the petition for distribution in the George W. Kirman estate on October 14, 1941, and therefore that work and material furnished subsequent to such date were not furnished by her as administratrix of her husband's estate. The final decree of distribution was made on November 4, 1941. She did not file her receipts from distributees until November 29, 1941; she was not discharged as administratrix until December 5, 1941; and all work was completed eight days prior to such date. Hence the work and material furnished subsequent to October 14, 1941, were furnished by Mary Kirman as administratrix of the estate of her husband and not by the partnership.

This identical point was raised and disposed of on the second appeal, and the law of the case established in such decision. Defendant is therefore foreclosed from raising the matter at this time. In the case of *Kirman* v. *Borzage*, 75 Cal.App.2d 865, at page 870 [172 P.2d 90], in answering the foregoing argument the court said, "The point is not well taken since Mary Kirman did not file her receipts from distributees until November 29, 1941, and was not discharged, as administratrix, until December 5, 1941, eight days after the completion of the work."

Sixth : *Was there another action pending at the time of the trial which would bar the judgment in the present case?*

This question must be answered in the negative. Subsequent to the filing of the present action, plaintiffs filed another action to preserve their rights on the second cause of action alleged in their original complaint in the event the appellate court should sustain the ruling of the trial court in dismissing their action on the third amended complaint. The applicable rule in the present case is that the pendency of another action growing out of the same transaction is ground for the abatement of the second action but never for the abatement of the first action. (*Brice* v. *Starr,* 93 Wash. 501 [161 P. 347] ; *Fairbanks* v. *Shady Brook Milling Co.,* 94 Wash. 28 [161 P. 840, 841].)

Applying this rule to the facts of the present case it is apparent that the present action being first in point of time of filing was not abated by the filing of the subsequent action.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied February 21, 1949. Appellant's petition for a hearing by the Supreme Court was denied March 31, 1949.