[Civ. No. 9424. Third Dist. Nov. 17, 1958.]

FRED M. CARGILL, Respondent, v. EDDIE IVAN
ACHZIGER et al., Appellants.

Allan L. Sapiro for Appellants.

G. Douglas Thompson for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment foreclosing a mechanic's lien.

On August 17, 1956, Fred M. Cargill filed a claim of lien on real property owned by Eddie Ivan Achziger and Victor Achziger for labor and materials furnished to the Achzigers and used in grading and paving a parking lot and driveway on the real property, and in oiling a driveway, hauling trash and blading grass. Cargill then brought this action to recover $1,582.68 for the materials furnished and $1,472.09 for the value of labor and equipment furnished, and asked that the sums be declared a lien on the property and that the lien on the property be foreclosed by the sheriff.

Cargill was in the business of selling building materials and of operating hauling and earth moving equipment. In March, 1956, Eddie Ivan Achziger asked Cargill to "hard top" his property. After discussing the job Achziger asked what the price would be. Cargill testified that he told Achziger that he would not give him a price on an overall job because he was not a contractor and he would have to take it on a labor and materials basis. There was no actual discussion as to an

hourly wage for labor as Cargill had done work for Achziger before. Cargill told Achziger that the job would run about $2,500, but it would depend on the amount of materials used. Cargill commenced work in April, 1956. He had been told what to do, and he made progress reports to Eddie Achziger, who lived in San Francisco, by telephone. Eddie Achziger, after the first discussion, never saw Cargill during the period the work was in progress. Cargill paid the men he furnished, carried workmen's compensation insurance, purchased all the materials used in his own name and furnished the equipment used. Cargill did not bill the Achzigers until the job was completed. He testified that it was his understanding that the Achzigers could have terminated his employment at will. The Achzigers testified that Cargill agreed to do the job for $2,500, and that it was not a mere agreement to furnish labor and materials. The Achzigers assert that Cargill was in complete control of the job. The trial court awarded judgment in favor of Cargill and this appeal followed.

■ Appellants first contend that respondent was not entitled to bring the action because he was not a duly licensed contractor. (Bus. & Prof. Code, § 7031.) ■ The question whether Cargill was functioning as an unlicensed contractor or merely as an employee hired by appellants to supervise the construction is essentially a question of fact. (*Denton* v. *Wiese*, 144 Cal.App.2d 175 [300 P.2d 746] ; *Martin* v. *Henderson*, 124 Cal.App.2d 602 [269 P.2d 117].) ■ In the instant case there is evidence that respondent did not hold himself out as a contractor. There is some evidence, though contradicted, that respondent communicated with Eddie Achziger as the work progressed; that Victor Achziger made suggestions as to the work to be done and increased the amount of work to be done. There is evidence in the record that respondent charged sales taxes for the materials furnished. This is some evidence tending to show that respondent was not acting in the capacity of a contractor, and that he would not be precluded by said section 7031 of the Business and Professions Code from recovering for the work done and materials furnished.

■ Appellants also contend that Cargill was not within the exceptions to the chapter requiring licensing of contractors (§ 7052 applying to materialmen and § 7053 applying to employees), and therefore he must have been within the scope of the chapter and would have had to be licensed in order to recover.

Section 7052 states: "Materialmen. This chapter does not apply to any person who only furnishes materials or supplies without fabricating them into, or consuming them in the performance of, the work of the contractor."

Section 7053 states: "Employees. This chapter does not apply to any person who engages in the activities herein regulated, as an employee with wages as his sole compensation."

We do not agree with this contention of appellants. There is nothing in the chapter requiring the licensing of contractors which precludes one from furnishing materials as a supplier and then installing them as an employee. The court in the instant case found that appellant Eddie Ivan Achziger agreed to pay respondent the reasonable value of labor, materials and equipment, and that Achziger and respondent "did not enter into a contract for the furnishing by plaintiff of such labor, equipment, and materials at a fixed price," and "that in the furnishing of such labor, equipment, and materials plaintiff did not act as a contractor." The evidence, though far from strong, supports these findings.

Appellants also contend that there is a fatal variance between the claim of lien and proof offered. They contend that the claim of lien which stated that respondent, as original contractor, entered into a contract with the appellants whereby appellants would pay respondent the cost of the materials and labor furnished varies from the complaint which alleged that the appellants agreed to pay the reasonable value of the labor and materials furnished. The sums listed in the lien and in the complaint were the same. In his testimony Cargill admitted that the costs listed in the lien were not his actual costs, but rather the amount charged the appellants. Appellants contend that there is a variance between the statements in the lien that Cargill acted as an original contractor and the finding that he was an employee; and also a variance between the statements in the lien that the amounts due were the costs and the finding that these amounts were the reasonable value of the materials and labor furnished.

While it would appear that the claim of lien filed by respondent did state that respondent, as original contractor, furnished labor and materials, it is also true that the claim of lien states that appellants would pay respondent the cost of labor and materials furnished. The claim of lien was made out on a printed form in which the word "original contractor" was printed, and the court, no doubt, concluded from the

contents of the entire claim of lien and the other evidence in the case that the words ''original contractor'' were not used in a technical sense. Furthermore, the rule as to the effect of a variance between the claim of lien and the proof has been considerably relaxed from the harsh rule laid down in early decisions. The modern rule is well stated in 32 California Jurisprudence 2d, Mechanics' Liens, section 148, page 780, as follows:

''The question arises in each case as to whether the particular variance is fatal. In early decisions, the courts were more inclined to find fatal variances than is now the case. It was once held, for instance, that a fatal variance was presented where a claim of lien stated an express contract to pay a fixed amount but the complaint set out a contract implied by law to pay the reasonable value of the work done. It has always been said, however, that to bar recovery the variance must be material. In view of the present statutory provision that no mistake or error in the statement of the demand or of the amount of credits and offsets allowed, the balance asserted to be due to the claimant, or the description of the property against which the claim is filed shall invalidate the lien unless the court finds that the mistake or error in the statement either was made with intent to defraud or that a third party has since become the owner of the property liened on and has been harmed by the deficient notice, the discrepancy between a complaint correctly alleging a fact and a claim of lien that mistakenly or erroneously makes a statement that has harmed no one is not a fatal variance. The technical doctrine of variance as expressed in the common law has no application to a notice of lien, for all that is required is that the statement of the terms of the contract be substantially true. Where the owner has not been misled to his prejudice and therefore has not been injured by the variance, the misstatement in the claim of lien cannot be regarded as material. . . .''

Appellants' final contention is that the findings are not supported by the evidence. They argue that the finding of the trial court that respondent did not act as a contractor is contrary to both the testimony in the record herein and to the sworn admission contained in respondent's claim of lien, and that to sustain the finding of the trial court that respondent did not act as a contractor, where he swore under oath that he was an original contractor in dealing with appellants, is to encourage perjury in the use of mechanics' liens. They also argue that the court's finding that the ''labor and materials

were used by defendants in the grading of a parking lot and driveway'' is not supported by the record, as the evidence shows that respondent did the job. Appellants also attack the finding that the sums charged for the materials and equipment were the reasonable market value when Cargill testified that the sums charged were the cost.

We have hereinbefore summarized the testimony, and are satisfied that the evidence supports the findings of the trial court. Appellants have made an able argument and have pointed out weaknesses in the evidence, but the construction placed upon the evidence by appellants is not the only construction that can be placed upon it. We think that the court could properly draw the inferences that it did from the evidence and that an issue of fact was presented which was for the trial court to determine.

The judgment is affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied December 8, 1958, and appellants' petition for a hearing by the Supreme Court was denied January 14, 1959. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.