[Civ. No. 18149.   First Dist., Div. Two.   Oct. 2, 1959.]

CHARLES DWIGHT, Respondent, v. JEAN B. LEONARD, Appellant.

*Assigned by Chairman of Judicial Council.

Foley & Foley and James W. Foley for Appellant.

Di Leonardo, Blake & Kelly and Robert L. Blake for Respondent.

STONE, J. pro tem.*—This is an appeal from a judgment foreclosing a mechanic's lien. Kenneth Burgess, a licensed contractor, owned a parcel of real property in Santa Clara County. He and the plaintiff-respondent formed a partnership to build a house on the property. Respondent had no contractor's license then or at any time pertinent to this action. During the course of construction, the partnership was dissolved and Burgess conveyed to respondent the real property on which the house was being erected. Respondent continued with the construction work and when the house was "framed completely" with wiring and plumbing installed, he and his wife entered into a contract to sell the property to the appellant for the sum of $32,500. The house was to be completed and the property conveyed to appellant free and clear of encumbrances except for a first lien securing a note for the sum of $15,000 which the purchaser was to assume. The balance of the purchase price was to be paid and the conveyance made within 60 days.

The contract contained the following clause, "agreement to be written to meet buyer and seller's approval as to changes to be made to said property. A set of blue prints of the dwelling on said property to be furnished by the seller." The parties failed to execute any change-order agreement as provided by the contract of sale but deviations from the blue prints were made from time to time during construction.

On August 23, 1953, respondent as owner filed a notice of completion and on August 31, 1953, conveyed the property to appellant. Respondent subsequently made a demand upon

*Assigned by Chairman of Judicial Council.

appellant for the sum of $1,565.14 for extras. Appellant denied his claim and respondent filed a mechanic's lien which resulted in this action. Appellant answered, denying the claim and cross-complained alleging overpayment and damages resulting from the use of defective materials. Although appellant's principal defense to the action was that respondent had no contractor's license, that issue was not raised as to the $32,500 contract sale price and this appeal is concerned only with the "extras" for which respondent sought payment and appellant's allegations of overpayment and damages resulting from the installation of defective materials.

The trial court found that respondent was not acting as a contractor. It also found that at the special instance and request of the appellant and upon her promise to pay the reasonable value thereof, respondent furnished labor and materials for the alteration of and addition to structural features and landscaping of appellant's house. The court further found that the reasonable value of the materials and labor used in making said improvements was $1,565.24 which amount has not been paid. The trial court also found that appellant was entitled to damages in the amount of $175 because of a defective beam which had been placed in the living room and entered a judgment in favor of respondent for the difference of $1,390.14.

Appellant first contends that respondent was not entitled to bring this action because he had no contractor's license as required by Business and Professions Code, section 7031.

Respondent admits that he was not a licensed contractor but asserts that he was exempt from the licensing requirement in that he was an employee and acting within the exceptions specified in the Business and Professions Code. They are as follows:

"Section 7050: Owner. This chapter does not apply to an owner who contracts for a project with a licensed contractor or contractors.

"Section 7052: Materialman or supplier. This chapter does not apply to any person who only furnishes materials or supplies without fabricating them into, or consuming them in the performance of, the work of the contractor.

"Section 7053: Employees. This chapter does not apply to any person who engages in the activities herein regulated, as an employee with wages as his sole compensation."

We need not decide whether under the circumstances here

presented respondent was an owner within section 7050 since there is substantial evidence to support the trial court's finding that his activities were within the scope of sections 7052 and 7053. The record in support of respondent's position reflects that he supplied materials and furnished labor to make various changes from the building plans and that they were made at appellant's request. ■ In *Cargill* v. *Achziger*, 165 Cal.App.2d 220, the court was considering a comparable situation and said at page 223 [331 P.2d 774]: "There is nothing in the chapter requiring the licensing of contractors which precludes one from furnishing materials as a supplier and then installing them as an employee."

■ Whether respondent did furnish materials as a supplier and then install them as an employee is a question of fact. (*Denton* v. *Wiese*, 144 Cal.App.2d 175, 179 [300 P.2d 746]; *Cargill* v. *Achziger*, *supra*, p. 222; *Martin* v. *Henderson*, 124 Cal.App.2d 602 [269 P.2d 117].) There is evidence that all of the additions and alterations were made at the direction of the appellant, that she supervised the work and paid the respondent on an hourly basis. Since there is substantial evidence to support the trial court's findings, this court is bound by them. (*Bernicker* v. *Bernicker*, 30 Cal.2d 439, 444 [182 P.2d 557].)

■ Appellant's final contention is that the court erred in failing to take into account credits against respondent's claim. The contention is without merit. Appellant has selected eight items from a voluminous record and argues that the trial court overlooked them or failed to credit them in the findings of fact and judgment. No recapitulation of the entire account is before us and from the record this court cannot with certainty say that the trial court did not consider the particular items in question. A review of the record also discloses some uncertainty in the evidence, even in the testimony of appellant, concerning payments of charges for material, including the "extra" materials. The trial court heard the testimony and examined all of the documentary evidence presented. It will be assumed by this reviewing court, unless a showing to the contrary is made, that the trial court took into consideration all of the items which appear in the record. ■ It is not the function of an appellate court to retry and reweigh the facts. (*Bernicker* v. *Bernicker*, *supra*.)

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.