[Civ. No. 11680.   Third Dist.   Oct. 1, 1968.]

HOLLIS W. JACKSON, Plaintiff and Respondent, v. LESLIE G. PANCAKE et al., Defendants and Appellants.

Pickering & Wells and Jerrold K. Pickering for Defendants and Appellants.

Frank W. Shuman for Plaintiff and Respondent.

PIERCE, P. J.—Plaintiff (Jackson) sued and recovered judgment after a court trial against defendants (the Pancakes) on actions under common counts for the reasonable value of labor and materials. Judgment was for $901.89. Jackson was not a licensed contractor during the performance of any of the work for which he sued.

The broad question on appeal is whether the action is barred under Business and Professions Code section 7031.[1] The narrower question is whether the court correctly determined that plaintiff was an employee (§ 7053) and furnished materials incidentally as a materialman (§ 7052) and not a contractor as defined by Business and Professions Code section 7026, which provides inter alia that ''[t]he term contractor . . . is synonymous with the term 'builder' and . . . a contractor is any person, who undertakes to . . . construct, alter, repair, add to [etc.] any building . . . or other structure. . . .'' We hold that substantial evidence justified the trial court's conclusion that Jackson did not violate the statutes referred to.

.Jackson operated a plumbing supply and paint shop in Central Valley, a small community in Shasta County. He was also a nonunion plumber. When Jackson was out doing plumbing work his wife tended store. In June 1964 the Pancakes were remodeling their theater. One of them, Dan Pancake, approached Jackson about the installation of the plumbing in two bathrooms of the theater. Jackson advised him to get a contractor. He informed Pancake he was neither a licensed contractor nor a union plumber. A few days later Dan Pancake again asked Jackson to undertake the work. After contemplation, Jackson consented. Pancake asked for an estimate. He described the work to be done and the fixtures and plumbing supplies to be installed and the conditions already existing under the building (specifically regarding the water pipes). Basing his estimate upon that information, Jackson said the work would cost between $1,000 and $1,200. Plaintiff's charge for his labor was to be $5 per hour. Fixtures and materials, if in plaintiff's stock, were to be charged for at retail, if not in stock at cost plus 10 percent, and sales

[1]All section references in this opinion are to the Business and Professions Code. Section 7031 provides in material part: ''No person . . . acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract. . . .''

tax was to be added for all materials. The record permits reasonable inference that the Pancakes knew and agreed to this labor and materials pricing arrangement.

Jackson started working when Dan Pancake told him to. Conditions under the building were not as. Pancake had described. The water pipe had to be replaced with a larger. one. There were other changes and other work was added, e.g., two additional bathrooms, plumbing in an adjacent building; also a cooler was installed in the Pancake home.

Dan Pancake was on the job at all times. Jackson was told specifically what he was to do. Instructions were changed from time to time. Helpers, when provided, were hired by the Pancakes; also Dan Pancake hired other artisans and supervised their work. Jackson did not bill for his work on a weekly or other periodical basis.

On July 10, 1964, Jackson delivered to Dan Pancake bills' for all of his labor (at $5 per hour) up to that time and for most of the materials furnished. (Bills for items picked up at Jackson's store had previously been submitted.) At the trial Dan Pancake admitted this billing. The Pancakes stress the fact that one part of Jackson's work did. not pass inspection and that he did not charge for the time required to redo that work.

The Pancakes had paid Jackson $500 prior to the July 10th billing. According to Jackson the Pancakes at no. time expressed dissatisfaction with any of his work (in fact, one of them had complimented him both on his work and the savings they had realized), and they did not object to his bill submitted on July 10th. But Jackson was told the Pancakes would have to sell bonds to pay the amounts due. Jackson objected and on July 14th he received. a further payment of $550. No sums were withheld for tax purposes from the payments on account of his earnings. August 21st a last billing was submitted. After a protracted period the bill was not paid and this action was brought.

There were conflicts in the evidence. We follow the well-settled rule that a reviewing court must resolve such conflicts in favor of the prevailing party.

We have quoted above section 7031 which not only makes it illegal for a person to act as a contractor without obtaining a license but imposes as a penalty denial of access to the courts to recover for the fruits of his labor or even for materials furnished when he violates the statute. (See fn. 1.) These licensing statutes were intended to protect the public

against dishonesty and incompetency in the administration of the contracting business as well as in the actual performance of the contract. (*Lewis & Queen* v. *N. M. Ball Sons* (1957) 48 Cal.2d 141, 152-153 [308 P.2d 713]; *People* v. *Vis* (1966) 243 Cal.App.2d 549 [52 Cal.Rptr. 527].) In a clear case even where "the defendant may be left in possession of some benefit he should in good conscience turn over to the plaintiff" the importance of the public purpose in deterring the illegal conduct is deemed to outweigh the "unjust enrichment" which enforcement of the statute entails. (*Lewis & Queen* v. *N. M. Ball Sons, supra,* at pp. 150, 151.) It has been said that the "public policy involved here has been determined by the Legislature; it is not a subject of debate in the courts." (*Kirman* v. *Borzage* (1944) 65 Cal.App.2d 156, 158 [150 P.2d 3], hearing denied.) In *Phillips* v. *McIntosh* (1942) 51 Cal. App.2d 340 [124 P.2d 835], this court applied the rule. But the penalties are harsh and there has been no tendency by the courts to overly liberalize the statute's application. Contracts of employment—labor hire—and sales of materials by express exception are outside the interdictions of the contractors' licensing act. (Bus. & Prof. Code, §§ 7052 and 7053.)[2] We noted this in *Cargill* v. *Achziger* (1958) 165 Cal.App.2d 220 [331 P.2d 774] (hearing denied), involving a hard topping job performed by a plaintiff who, as here, was in the business of selling building materials and also operated hauling and earth-moving equipment. Asked by defendant to do the job on a fixed price basis, plaintiff refused, stating he was not a contractor and if defendant wanted plaintiff to do the work, he would only take it on a labor and materials basis. Plaintiff, however, gave an estimate. In *Cargill* there were many elements resembling those of an independent contractor not present here (e.g., there plaintiff hired workmen, was not directly supervised, etc.). Nevertheless, we upheld a trial court judgment finding an employer-employee relationship between defendant and plaintiff, stating on page 222: "In the instant case there is evidence that respondent did not hold himself out as a contractor. There is some evidence, though contradicted, that respondent communicated with Eddie Achziger as the work progressed; that Victor Achziger made sug-

---

[2]Those sections read as follows: Section 7052: "This chapter does not apply to any person who only furnishes materials or supplies without fabricating them into, or consuming them in the performance of, the work of the contractor." Section 7053: "This chapter does not apply to any person who engages in the activities herein regulated, as an employee with wages as his sole compensation."

gestions as to the work to be done and increased the amount of work to be done. There is evidence in the record that respondent charged sales taxes for the materials furnished.'' In the *Cargill* case the provisions of sections 7052 and 7053 were quoted. The opinion then states on page 223 : ''There is nothing in the chapter requiring the licensing of contractors which precludes one from furnishing materials as a supplier and then installing them as an employee.''

Earlier this court had decided *Martin* v. *Henderson* (1954) 124 Cal.App.2d 602 [269 P.2d 117]. There we also refused to apply the sanctions of section 7031. Involved was the type of work described as ''force account'' (which by definition is limited to public work but by common usage has been applied to private building as well). It is work done where the owner acts as his own ''contractor'' and hires out the work of the various artisans involved on a rate per hour or other basis of measurement. We held in *Martin* that there was substantial evidence to support the trial court's finding that no contract was involved.

Other appellate courts on somewhat similar facts have reached similar conclusions. One of them, *Dwight* v. *Leonard* (1959) 174 Cal.App.2d 199, at page 202 [344 P.2d 397], quotes the excerpt we last quoted from *Cargill* v. *Achziger, supra,* 165 Cal.App.2d 220, 223.

The trial judge in his memorandum of decision based his finding upon the *Cargill, Dwight* and *Martin* cases and distinguished the facts here involved from those of *Phillips* v. *McIntosh, supra,* 51 Cal.App.2d 340.

We similarly distinguish them. The Pancakes have cited elements likening certain activities of the parties to a contractual arrangement, e.g., the deferred billing, the fact nothing was held for withholding tax. They ignore the outweighing evidence of the employer-employee relationship. (See *Rodoni* v. *Harbor Engineers* (1961) 191 Cal.App.2d 560, 562 [12 Cal.Rptr. 924].) It has been repeatedly stated that whether one is acting as a contractor or not is usually a question of fact. (See in addition to cases cited above, *Borello* v. *Eichler Homes, Inc.* (1963) 221 Cal.App.2d 487, 497-498 [34 Cal.Rptr. 648] ; *Denton* v. *Wiese* (1956) 144 Cal.App.2d 175, 176-180 [300 P.2d 746].) Substantial evidence supported the trial court's ruling. Our appraisal accords with that of the trial court. The Pancakes had decided to remodel their theater on what we have characterized as ''force account,'' hiring carpenters and others who worked under Dan Pancake's

supervision and did as they were directed. Jackson was so employed to do the plumbing, including the installation of plumbing fixtures. The Pancakes argue that this case cannot be fitted into the "handy man employment" category because of the substantial quantity and value of the work performed and materials furnished. We disagree. Assuming, without deciding, that the quantity of work performed is a factor for consideration, the 107 hours of labor at $5 per hour is not excessive. Jackson was in the business of selling plumbing supplies and fixtures. His shop facilities were such that he was able to furnish only a modest portion of the materials ordered by the Pancakes.

True, in determining intent, the absence of the withholding of any portion of Jackson's wages by the Pancakes was a factor to be taken into consideration by the trial court. It is not decisive. Sections 7026 and 7031 were not enacted to penalize violations of withholding tax provisions.

Our California Supreme Court has recognized that the penalties of section 7031 are harsh and that "[i]n view of the severity of this sanction and of the forfeitures which it necessarily entails, our decisions record our reluctance to construe the statute more broadly than requisite to the achievement of its manifest purpose." (*Latipac, Inc.* v. *Superior Court* (1966) 64 Cal.2d 278, 279-280 [49 Cal.Rptr. 676, 411 P.2d 564].)

We hold it was not the "manifest purpose" of the contractors' licensing law to proscribe arrangements between workmen and owners such as that here involved.

The Pancakes' argument that the common counts were improperly pleaded cannot be upheld. Defendants were fully apprised of the claims for which they must answer. The case was properly tried within the issues. (*Martin* v. *Henderson*, *supra*, 124 Cal.App.2d 602, 606.)

The judgment is affirmed.

Friedman, J., and Regan, J., concurred.