[Civ. No. 19449. Second Dist., Div. One. July 13, 1953.]

SARA ERICKSON, Appellant, v. WATER LAND TRUCK
LINES (a Corporation), et al., Respondents.

Harry A. Kaplan, Wanzer & Litwin, W. O. Wanzer and Charles S. Litwin for Appellant.

Ball, Hunt & Hart and Clarence S. Hunt for Respondents.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from an adverse judgment following verdict of a jury in a personal injury case.

Plaintiff was driving her automobile west and defendant Petrillo was driving defendant corporation's tractor and semi-trailer east, both on Alameda Boulevard, in the Wilmington-Los Angeles Harbor area. It was on November 3, 1950, at about 4:30 o'clock p. m., daylight, weather clear, visibility good. The highway was 44 feet wide with four lanes of 11 feet each, two on each side of two solid white lines down the center. Each party produced evidence that the collision occurred on her or their respective side of the center double lines. There were no intersecting streets, private roads or alleys or lanes. At the time of the collision and immediately prior thereto defendants' vehicle was in the process of overtaking and passing another vehicle travelling in the same direction as defendants'.

There is no claim that the evidence is inadequate to support the verdict. The sole ground of appeal is that toward the conclusion of the trial the court, at request of defendants, read to the jury an instruction based on section 525(a) of the Vehicle Code, with an addition thereto, all of which plaintiff, on this appeal, declares was prejudicially erroneous because it was not properly applicable to the facts, and confused and misled the jury. That instruction is as follows:

"Section 525, Vehicle Code, State of California, provides in part as follows':

" '(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:

" '(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement.

" '(2) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making a left turn.

" '(3) When the right half of a roadway is closed to traffic while under construction or repair.

" '(4) Upon a roadway designated and signposted for one-way traffic.'

"A solid double white line painted along the center of a roadway is the established marking indicating that there shall be no driving to the left side thereof." The court also read to the jury the following instruction which included subdivision (b) of section 525 of the Vehicle Code:

"Section 525 (b) of the Vehicle Code of the State of California reads as follows:

" 'The State Department of Public Works shall by regu-

lation determine a distinctive roadway marking which shall indicate no driving over such marking, and is authorized either by such marking or by signs and markings to designate any portion of a State highway where the volume of traffic or the vertical or other curvature of the roadway renders it hazardous to drive on the left side of such marking or signs and marking. When such markings or signs and markings are in place, the driver of a vehicle shall not drive along the highway to the left thereof, but this shall not prevent turning to the left across any such markings at any intersection or private driveway.'

''You are further instructed that the State Department of Public Works, pursuant to this section of the Vehicle Code,, has provided:

'' 'Article 2. ''Distinctive Markings for State Highways indicating no driving to the left thereof.

'' ' ''Section 1411. Said distinctive roadway marking is determined as the double line now in use on said highways. Said marking shall consist of two white stripes, or one white stripe and one yellow stripe, painted on the roadway, each stripe three inches wide, and the two stripes separated by a three-inch black stripe.

'' ' ''Section 1414. Signs shall not be required in connection with said distinctive markings.'' ' ''

Plaintiff urges that in applying the instruction containing section 525(a) of the Vehicle Code the jury would disregard subsections 2, 3 and 4 as inapplicable under the evidence because neither vehicle was making a left turn, neither half of the highway was closed to traffic and it was not a one-way street. Going on from there she expresses her belief that the jury would consider subsection 1 of section 525(a) as authorizing defendants' tractor and semi-trailer, while passing another vehicle, to drive to the left side of the highway, and since defendant driver was thus passing another vehicle, at and prior to the moment of impact, and plaintiff was not, this would tell the jury they could excuse defendants if their driver went over onto the left side of the road notwithstanding the double center line. But as noted above, following the reading of subsection (a) of section 525 of the Vehicle Code the instruction said:

''A solid double white line painted along the center of a roadway is the established marking indicating that there shall be no driving to the left side thereof.''

It would credit jurors with less than average understanding to assume that they were confused or misled by the challenged

instruction. The instructions as a whole were clear, correct and comprehensive, although it is true that some part of the particular instruction might have been modified.

█ "It is elementary that a judgment will not be reversed for error which can be found only by detaching a portion or portions of a charge from the context, when such charge in its entirety fairly and correctly states the law." (*Lund v. Pacific Elec. Ry. Co.*, 25 Cal.2d 287, 294 [153 P.2d 705].) Similarly, in *Shuey* v. *Asbury*, 5 Cal.2d 712, 713 [55 P.2d 1160], it is stated: ". . . a judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice. The usual consequence is, that there will be no cause for reversal unless the evidence indicates that without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury."

We have considered the cases cited by plaintiff as supporting her contention that the one instruction was improper. But the instant case is one in which where all the instructions, considered and construed as a whole, can be resolved into a correct and harmonious statement of the law.

We find no adequate support for plaintiff's claim of error.

Judgment affirmed. The purported appeal from order denying motion for new trial is dismissed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 30, 1953, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1953.