WARNS, J. pro tem.
 
 *
 

 The Credit Bureau of Stockton, a corporation, appeals from a judgment awarding the plaintiff $3,500, together with interest thereon at the rate of 7 per cent per annum, plus costs, upon a claim for damages for negligence on the part of the defendants in failing to prosecute a claim for the collection of a certain cheek in the sum of $3,500 which plaintiff assigned to the Stockton Merchants Association, doing business under the name and style of Stockton Merchants Association Adjustment Bureau, for collection.
 

 The facts most favorable to the plaintiff are these: On May 15, 1950, Harold Brayton, manager of the Hotel Wolf
 
 *102
 
 in Stockton, issued a check to plaintiff (respondent herein) in the sum of $3,500 to pay plaintiff for services rendered by him and the title company by which he was employed in connection with the sale of said hotel and in straightening out the financial affairs and difficulties of said hotel generally. Charles Tesseyman was the owner of said hotel. He resided in the Bay Area and the plaintiff resided in Stockton. Tesseyman knew that Brayton had been working with plaintiff in connection with these matters. Tesseyman had given Brayton a power of attorney to borrow money and had authorized him to sign checks. Plaintiff testified that Brayton had also exhibited to him a general power of attorney from Tesseyman.
 

 The cheek in question was presented to the bank for payment but was not honored by reason of insufficient funds in the account. Thereafter, on September 18, 1950, plaintiff assigned his claim against Tesseyman and Brayton on the cheek for services and moneys loaned to appellant’s predecessor, Stockton Merchants Association, doing business under the name and style of Stockton Merchants Association Adjustment Bureau. Appellant corporation herein became the successor in interest to said association on January 4, 1951. Suit was commenced by the collection department of said association on said claim on September 28, 1950, in the Superior Court of San Joaquin County. A motion for change of venue was made and the action was transferred to Marin County, which was the county of residence of Charles Tesseyman. It was stipulated in the instant case that since the removal of that action to Marin County no further proceedings were had and that the matter had not been reduced to a judgment.
 

 It further appears that at the time of the commencement of that action Tesseyman was a man of considerable wealth and financially able to have satisfied any judgment rendered against him in that action. He testified that during June, 1950, his approximate net worth was $600,000; that during October, 1950, his net worth was approximately $200,000; that in the year 1951 his approximate wealth was $150,000; that if an attachment had been levied against his assets between May, 1950, and December, 1952, in that action, it would have been satisfied; and also if the claim had been presented at the meeting of the creditors of the Hotel Wolf, it would have been paid.
 

 After the assignment of the claim, plaintiff testified in substance, that on many occasions he inquired of both Leo Greenfield, manager of appellant corporation herein and its pre
 
 *103
 
 decessor, and Bert Lewis, who was subsequently the manager, about the progress in the collection of the claim and the suit filed thereon, but that he was never given any reason for their failure to prosecute the action.
 

 On March 10, 1955, plaintiff’s attorney advised the appellant by letter that if the claim was allowed to outlaw or to be dismissed he would bring an action for negligence. No response was made to the letter. On September 28, 1955, the action was subject to mandatory dismissal for failure to bring it to trial within the five-year statutory period provided bisection 583 of the Code of Civil Procedure, and plaintiff was thereafter unable to recover on the claim.
 

 The evidence further discloses that of the $3,500 owing, $3,000 was for respondent’s services and $500 was for the services of Stockton Guaranty Title Company by which respondent was employed, and that it was understood that when the cheek was given to respondent by Brayton that the moneys would be distributed between respondent and his employer as their interests appeared.
 

 Appellant first contends that the trial court erred in finding that the check in question represented money loaned and services rendered by respondent and respondent’s employer, Stockton Guaranty Title Company, to Tesseyman, at his request. There is no merit in this contention. There is substantial evidence to support the trial court’s finding, and that is all that is necessary.
 

 Appellant next contends that the respondent is estopped from holding appellant negligent in that respondent for five years following the assignment was aware that no further action was being taken for the collection of his claim; that he had been notified by Bert Lewis, secretary-manager of the appellant corporation, that he could do with the account whatever he wanted to do with it, and hence, because of the equitable interest retained in the assigned claim was duty bound to recall said claim or submit himself to the defense of contributory negligence. The above statement by Lewis allegedly took place in the early part of 1954, if it took place at all, which was long after the claim had been assigned to the appellant and long after suit had been commenced thereon. By that time the suit had become stale and the wealth and assets Tesseyman had in 1950, 1951, and 1952 had diminished to the extent that the possibility of collecting from him was doubtful, if not nil. Had appellant exercised care,
 
 *104
 
 skill, and diligence in the performance of its duties, it would have recovered in full from Tesseyman.
 

 “. . . If the agent is unable to make a collection intrusted to him, it is his duty to notify the principal, and he must return the notes or other obligations intrusted to him or furnish a sufficient excuse for not doing so. A mere offer to return after a lapse of time is not sufficient to relieve him from liability unless he shows that he has used due care and diligence in endeavoring to collect.” (3 C.J.S., Agency, § 161, p. 41.)
 

 There is no showing of due care or diligence on the part of the appellant to collect said claim, in fact, it did absolutely nothing after the ease was transferred to Marin County. Under the circumstances, the facts do not warrant the application of the doctrine of estoppel. We find no merit in this contention.
 

 Appellant next contends that the court erred in fixing the amount of damages. It argues that the $3,500 should have been reduced by the amount of the collection fee, which the court found was an agreed 35 per cent of any amount collected.
 

 “. . . As a general rule the measure of liability on the part of an agent for negligence in collecting claims is the actual amount of injury sustained by the principal. This injury is prima facie the amount of the debt or
 
 claim;
 
 but it is competent and proper for the agent to show that the principal has not been damaged to this extent. ...” (3 C.J.S., Agency, § 162, p. 47; see also 1 Mechem on Agency, 2d ed., vol. 1, 958.)
 

 We feel that there is merit in this contention. All that respondent would have received had appellant been diligent and collected the $3,500 would have been 65 per cent of that amount, hence we feel that the proper measure of damages to be allowed respondent is 65 per cent of $3,500, that is, $2,275, and interest at the rate of 7 per cent per annum on said amount from and after August 15, 1950, amounting to the sum of $1,245.07.
 

 An agent who violates his duty to use reasonable skill and diligence is liable for any loss which his principal may sustain as the result of his negligence.
 
 (Leland
 
 v.
 
 Oliver,
 
 82 Cal.App. 474 [255 P. 775].)
 

 It is ordered that the judgment be modified and reduced accordingly, and as so reduced it is affirmed.
 

 Peek, Acting P. J., and Schottky, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.