[Civ. No. 18938. First Dist., Div. One. Apr. 26, 1961.]

LLOYD RODONI, Respondent, v. HARBOR ENGINEERS et al., Defendants; CUSTOM-BILT HOMES, INCORPORATED (a Corporation), Appellant.

Wexler & Wexler and David D. Wexler for Appellant.

Johnston, Clark & Lewis and John S. Lewis for Respondent.

DUNIWAY, J.—In an action to establish and foreclose a mechanic's lien plaintiff had judgment and the owner, Custom-Bilt Homes, Incorporated, appeals.

The court found, by reference to the complaint, that Harbor Engineers (Harbor) made a contract with plaintiff-respondent whereby the latter "agreed to furnish all the labor necessary relative to tractor and bulldozer work necessary to develop" appellant's subdivision. It also found that "plaintiff was not a contractor or sub-contractor but rather only an employee" of Harbor.

On this appeal, three contentions are made: (1) that plaintiff was a subcontractor, not an employee; (2) that the services involved were furnished under a contract of Harbor with the city of San Mateo to do street work on the subdivision, not under Harbor's contract with appellant; and (3) that the court erred in awarding interest. We sustain only the last point.

(1) *The finding that plaintiff was an employee is supported by the evidence.*

The question is material under the Contractors' Licensing Law (Bus. & Prof. Code, §§ 7000-7145). If plaintiff was acting as a contractor, as there defined, he cannot maintain this action, as it is stipulated that he had no license (Bus. & Prof. Code, § 7031). The work done was bulldozing and earth moving (*cf.* Bus. & Prof. Code, § 7026), including excavating and grading and surfacing (*cf.* Bus. & Prof. Code, § 7058, and 16 Cal. Admin. Code, §§ 732, 735). It is admitted that, if plaintiff did act as a contractor, the foregoing sections would apply, but plaintiff asserts that Business and Professions Code, sec-

tion 7053, exempts him as a "person who engages in the activities herein regulated, as an employee with wages as his sole compensation."

The distinction between an employee and a contractor is an old one, and has been productive of much litigation in many fields of the law, particularly torts and workmen's compensation, as well as under the Contractors' Licensing Law. It is well settled that ordinarily the question in each case is one of fact, and that therefore, as in other cases involving fact questions, the decision of the trial court will be affirmed if supported by any substantial evidence. "[I]n the last analysis each case must turn upon its own peculiar facts and circumstances." (*Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46, 52 [77 P.2d 836]; see also *Perguica* v. *Industrial Acc. Com.*, 29 Cal.2d 857, 859 [178 P.2d 812].) As the court said in *Perguica*, " 'if from all the facts only a single inference and one conclusion may be drawn, whether one be an employee or an independent contractor is a question of law.' "

Appellant's counsel have not faced up to these rules, which have frequently been applied in cases such as this, under the contractors' licensing law. (*Cf. Malvich* v. *Rockwell*, 91 Cal. App.2d 463 [205 P.2d 389]; *Frugoli* v. *Conway*, 95 Cal. App.2d 518 [213 P.2d 76]; *Andrew* v. *Conner*, 101 Cal.App.2d 621 [225 P.2d 943]; *Denton* v. *Wiese*, 144 Cal.App.2d 175 [300 P.2d 746]; *Johnson* v. *Silver*, 161 Cal.App.2d Supp. 853 [327 P.2d 245]; *Cargill* v. *Achziger*, 165 Cal.App.2d 220 [331 P.2d 774].) They have marshalled evidence pointing to the conclusion that plaintiff was acting as a contractor. The record, however, is replete with evidence supporting the finding that plaintiff acted as an employee, and the court evidently accepted that evidence.

 Plaintiff testified that his business was renting tractors and earth moving equipment, and hiring out drivers for them. He was paid on an hourly rate. Most of the first part of the work done was under the city contract, relating to streets, and while plaintiff quoted an estimate based upon moving a named quantity of dirt at so much per cubic yard for some of that work, he arrived at the estimate by using his hourly rates. That part of the work was paid for, and the present action relates only to work for which hourly rates were quoted and charged. Actual supervision was by Harbor, whose representative directed the work done by plaintiff and his drivers. Plaintiff "had nothing to do with the super-

vision of the job.'' These facts bring the case within the holdings in the foregoing cases, in each of which a finding that the plaintiff was an employee was upheld.

Appellant relies upon evidence that plaintiff made a profit over and above the wages paid his operators and the cost of maintaining his equipment and that he paid his drivers' wages, social security and unemployment insurance and withheld their income tax. None of these factors is conclusive; most of them were present in the cases cited above. It also calls attention to the lien claim, a printed form for the use of a subcontractor, in the printed part of which plaintiff so describes himself. The claim, however, is for ''labor and materials'' and ''tractor and bulldozer work.'' The court could properly conclude that the word subcontractor was ''not used in a technical sense.'' (*Cargill* v. *Achziger, supra,* 165 Cal.App.2d 221, 223-224.) Plaintiff also listed himself as a ''contractor'' in certain telephone books. The listing, however, also showed ''hourly rates.'' (The present Bus. & Prof. Code, § 7026.6, had not been enacted when this action was filed.) In short, these matters, at most, raised a conflict for the trial court to resolve.

The cases upon which appellant most strongly relies are quite different. In each, the plaintiff was held to be a contractor as a matter of law; in each, there was no such conflict in the evidence as is present in this case. (*Phillips* v. *McIntosh,* 51 Cal.App.2d 340 [124 P.2d 835] ; *Skipper* v. *Gilbert J. Martin Constr. Co.,* 156 Cal.App.2d 82 [318 P.2d 732].) In *Skipper,* the court reversed a judgment of dismissal following the sustaining of a demurrer without leave to amend, as to a portion of the complaint relating to labor and materials not covered by the written contract. It was only as to the written contract that plaintiff there was held to be a contractor. The present case is similar, in that the portion of the work sued for was not figured on a per yard basis, as was some of that already paid for, the per yard basis of payment being one of the facts upon which appellant relies as showing that plaintiff was a contractor.

2. *The finding that the work was done ''in developing defendant's subdivision'' is supported by the evidence.*

■■■ Harbor had two written contracts. One was with the city for street work in the subdivision. The other was with appellant, for ''excavating, cut, fill, grading'' on the subdivision. Plaintiff's oral contract with Harbor related to

both jobs and there is testimony that it was difficult to tell when plaintiff's equipment was being used on which job. There is also testimony, however, that the work paid for related to the streets, and that the work for which judgment was given related to the lots. This is sufficient to sustain the finding. A careful reading of the record might lead us, if we were the fact finders, to say that some part of the judgment is for work that was probably done under Harbor's contract with the city. But the evidence to that effect is by no means conclusive, and it is the court below, not this court, that finds the facts.

3. *Interest should not have been awarded from the date the claim of lien was filed.*

 In this case there was considerable doubt as to what part of plaintiff's unpaid billing was for work done under the city contract and what part was for work done under appellant's contract with Harbor. The lien claim was for $3,048.75; the judgment is for $2,548.75. The court apparently concluded, based on plaintiff's settlement with the surety under the city contract, that $500 of plaintiff's bill was under that contract.

Under Civil Code, section 3287, interest is allowed if plaintiff is "entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day." Here, so far as we can glean from the record, the total amount owed plaintiff by Harbor was capable of being made certain by calculation, based upon plaintiff's records of time and incidental expenses. But the amount thereof due under Harbor's contract with appellant, rather than under its contract with the city, could not possibly be made certain in that manner. Moreover, plaintiff had no contract with appellant owner. His right, against appellant, was only to have his lien established for the reasonable value of his services, which might or might not be the same as the charges agreed upon between him and Harbor. (Code Civ. Proc., § 1185.1, subd. (a).) Hence, interest was improperly awarded. (*Associated Wholesale Elec. Co.* v. *S. H. Kress & Co.*, 11 Cal.App.2d 592 [54 P.2d 38]; *Burns* v. *Renaker Co.*, 119 Cal.App. 578 [6 P.2d 967].) *Vowels* v. *Witt*, 149 Cal.App.2d 257, 264-265 [308 P.2d 415], is not to the contrary; no such question was there involved, the work done was all for items furnished to an owner by a

contractor, under the contract, and the court expressly distinguished cases dealing with work done by one employed by the contractor.

The judgment is modified by striking from paragraph 1 thereof the following: ". . . with interest thereon at the rate of seven (7%) per cent per annum from the 16th day of November, 1955, amounting to the sum of SIX HUNDRED SEVENTEEN AND 02/100 DOLLARS ($617.02)"; and by reducing the total sum, as it appears in paragraphs 1 and 3 thereof from "THREE THOUSAND TWO HUNDRED EIGHT AND 72/100 DOLLARS ($3,208.72)" to "TWO THOUSAND FIVE HUNDRED NINETY ONE AND 70/100 DOLLARS ($2,591.70)." As so modified, the judgment is affirmed. Each party shall bear his or its own costs on appeal.

Bray, P. J., and Tobriner, J., concurred.