46 Cal.Rptr. 738]

[Civ. No. 28428.   Second Dist., Div. One.   Sept. 1, 1965.]

CONTRACTORS DUMP TRUCK SERVICE, INC., Plaintiff and Respondent, v. GREGG CONSTRUCTION COMPANY, Defendant and Appellant.

Catterlin & Limon and Charles F. Catterlin for Defendant and Appellant.

Brown & Brown, Rodney Moss and Maynard J. Brown for Plaintiff and Respondent.

FOURT, J.—On or about August 1, 1961, the defendants Dan E. Butcher, Inglewood Land Company and Gregg Construction Company were the owners of an unimproved parcel of real estate located in the City of Torrance, County of Los Angeles, California. During this period of time, defendant Gregg Construction Company desired to have the property excavated, graded and prepared for the construction of building sites. Defendant received bids for the performance of this work and a written contract was executed between Dan E. Butcher and Anderson Linderman Construction Company, a licensed contractor. Anderson Linderman Construction Company entered into an oral agreement with C & M Tractor Service, a partnership composed of Lyndon Pruner and Claude Cessna. The agreement provided in part that C & M do the work, and that the profits be shared equally between the two organizations. C & M did not have a contractor's license.

The work was commenced by C & M which rented certain equipment to be used on the job site. The equipment was rented from Contractors Dump Truck Service, Inc., by Lyndon Pruner, who orally contacted Clair Logue, president of plaintiff company. The equipment, which was rented in the name of C & M, consisted of trucks for transportation and dumping of fill and dirt as well as equipment for the compaction of the fill and dirt.

The plaintiff, Contractors Dump Truck Service, Inc., operated as a motor transportation broker in that it would contact owners of trucks and equipment and inform them that their services were requested at the job site. Each operator of a truck was provided with a freight bill which would indicate starting time, number of hours, time of completion less any deductions for breakdowns. The freight bill was countersigned by someone at the job site and forwarded to the plaintiff, which was responsible for payment to each truck and equipment owner. The rates were set by the Public Utilities Commission and the plaintiff received a 5 per cent commission for its service.

The plaintiff submitted a bill for $24,042.32 to C & M as the charge for the use of the trucks, drivers and equipment requested at the job site. C & M failed to make payment to the plaintiff. Both C & M and Anderson Linderman filed petitions in bankruptcy. Thereupon, the plaintiff filed its claim and notice of lien pursuant to the statutory requirements. On March 19, 1962, plaintiff filed its complaint to foreclose the mechanic's lien. The instant case was consolidated with four other pending actions to foreclose liens against the defendant and others, and a consolidated trial was had on all pending actions. A judgment was entered in favor of each of the plaintiffs, and defendant filed its notice of appeal. The scope of this appeal is limited to one judgment, that of $21,364.81, entered in favor of the plaintiff Contractors Dump Truck Service, Inc., against the defendant.

█ Appellant claims the trial court erred in allowing the respondent to foreclose the mechanic's lien because, among other reasons, as a matter of law respondent had no standing to file and foreclose such lien. Appellant contends that section 1181 of the Code of Civil Procedure lists those individuals who are entitled to mechanic's lien rights and the respondent, who acted as a "renter or furnisher" of equipment, does not fall within the scope of this statute. Section 1181 of the Code of Civil Procedure provides that "Mechanics [along with other enumerated groups] . . . *and all persons* and laborers of every class performing labor upon *or bestowing skill or other necessary services on, or furnishing materials to be used or consumed in, or furnishing appliances, teams, or power contributing to, the construction, alteration, addition to,* or repair, either in whole or in part, of, any building, structure, *or other work of improvement shall have a lien upon the property upon which they have* bestowed labor or *furnished*

*materials or appliances* for the value of such labor done *or materials furnished and for the value of the use of such appliances,* teams, or power, *whether done or furnished at the instance of the owner or of any person acting by his authority or under him, as contractor or otherwise.''* (Italics added.)

Respondent is within the scope of the provisions of section 1181, Code of Civil Procedure, in that it is within the group of ''. . . all persons . . . bestowing skill or other necessary services on, or furnishing materials to be used . . . or furnishing appliances, teams, or power contributing to, the construction, . . . or other work of improvement . . .'' upon the property. ▮ Appellant asserts that this portion of the statute is inapplicable for two reasons. First, since Anderson Linderman was prohibited from assigning or subletting the work without written consent of the appellant, the oral agreement between Anderson Linderman and C & M Tractor Company was void, and therefore C & M Tractor Company was without authority to employ the respondent. Appellant further contends the findings were silent on this point. However, the court did specifically find that the partners of C & M Tractor Company were engaged as superintendents and representatives of the contractors and represented themselves as C & M Tractor Company. Appellant, in no way, challenges the correctness of this finding. C & M Tractor Company was an agent of the owner within the scope and meaning of section 1182, subdivision (c), Code of Civil Procedure, and appellant is estopped to question the validity of the agreement at this time, since it accepted the benefits of the services performed by respondent. There was substantial evidence presented that Dan E. Butcher, as general contractor and coowner of the property, had notice and knowledge that C & M Tractor Company through the partners were actively involved in the performance of this project..

▮ Appellant also contends that C & M Tractor Company was an unlicensed entity and as such was not entitled to a mechanic's lien and, therefore, the respondent could not assert any lien rights. ▮ In *Petaluma Building Materials, Inc.* v. *Foremost Properties, Inc.,* 180 Cal.App.2d 83, 88 [4 Cal.Rptr. 268], it is stated: ''Our Supreme Court has said that a materialman is one of the class to be protected by the requirement that a contractor must have a license and is therefore not *in pari delicto* with the unlicensed contractor. . . .''

▮ A materialman is in the protected class when dealing

with a subcontractor and the respondent should also be included in that protected class when dealing with an unlicensed subcontractor. In any event, as was stated above, C & M Tractor Company acted as superintendent on the job site and not necessarily as subcontractor, as appellant contends.

It should also be noted that section 1184.1, Code of Civil Procedure, covers the lien of the respondent. This section provides that: "Any person who, at the instance or request of the owner (or any other person acting by his authority or under him, as contractor or otherwise) of any lot or tract of land, grades, fills in, or otherwise improves the same, . . . or makes any improvements in connection therewith, has a lien upon said lot or tract of land for his work done and materials furnished." Thus, respondent could validly fall within the scope of either section and has standing to record and foreclose a mechanic's lien.

Appellant's contention that since respondent was not the owner of this equipment, it was not entitled to a lien, is also without merit. There is no requirement that one who furnishes equipment or material to the site be the owner thereof. In fact, the statute uses the word "furnish" which does not necessarily connote ownership. The Court of Appeal of Louisiana has held that ". . . one may *furnish* machinery which is used in the improvement of immovable property by leasing such machinery to the contractor or owner as the case may be." (*National Surety Corp.* v. *Highland Park Country Club* (La.App.) 111 So.2d 811, 814.) Our Supreme Court has held that one who furnishes a teamster, horses and a scraper in the construction of a tunnel and pays the charges of such teamster directly to him can claim a lien for the labor of the teamster, horses and scraper. It was contended in that case that the claimant was merely furnishing and not performing any labor, but the court allowed the claim and stated it was immaterial whether claimant did the work with his own hands and the claim was within the bond which was for "any work of any kind." (*French* v. *Powell*, 135 Cal. 636, 643-644 [68 P. 92].) Respondent, in the instant case, was properly held to be a "furnisher" of the labor and equipment which was used on the job and contributed to the completion of the work.

Nor is there any merit to appellant's contention that respondent cannot claim a lien because he was merely advancing money to the drivers on behalf of C & M Tractor Company. Respondent agreed to supply the necessary equipment on be-

half of the contractor and was obligated for the payment of this labor and equipment. Respondent did not make a voluntary loan which would not fall within the scope of a lien right. This distinction is clearly presented in *Sweet* v. *Fresno Hotel Co.*, 174 Cal. 789, 797 [164 P. 788, Ann.Cas. 1918D 346].

Lastly, appellant contends for the first time that respondent acted in the capacity of a contractor, and as such is barred from recovery since respondent admittedly did not possess a contractor's license. The appellant cannot for the first time raise this objection on appeal. (*Stephens* v. *Baker & Baker*, 150 Cal.App.2d 558, 559 [310 P.2d 73].)

Respondent alleged in its complaint that the full supervision and control was in the contractor and nothing to the contrary is shown by the appellant. Substantial testimony was presented that the partners or employees of C & M directed the dump truck operation, dumping of the fill, and the operation of the furnished equipment. This brings the case within the holding of *Rodoni* v. *Harbor Engineers*, 191 Cal.App.2d 560, 562-563 [12 Cal.Rptr. 924], wherein the court held that one was not a contractor where his business was renting tractors and earth-moving equipment and hiring out drivers for them, where plaintiff had no part in the supervision of the job.

Judgment affirmed.

Wood, P. J., and Lillie, J., concurred.