TATE, Judge.
This suit was initially based upon the alleged liability of a collection agency for its negligent or undiligent failure to collect an account. A creditor had turned over an account for collection, and he sues the collection agency primarily for a monied judgment in the amount of the uncollected debt.
The trial court dismissed the plaintiff’s demand for a monied judgment. However, the trial court decree recognized the plaintiff to be the owner of the account in question, which had been reduced to a judgment held by the defendant collection agency. The defendant was assessed with court costs.
The defendant collection agency appeals. The plaintiff creditor answers the appeal, praying for a monied judgment as originally sought.
The plaintiff Gibbs operates an auto supply store. His debtor M. B. Thames owed him $451.07 for supplies purchased in 1957. According to his petition (Art. 5), on about February 1, 1958 Gibbs assigned this Thames account to the defendant (“Mutual Credit”) for collection. About four weeks later, on February 27, 1958, Mutual Credit obtained a judgment against Thames in the amount of the debt. The judgment was obtained in the name of the defendant Giering, Mutual Credit’s owner, in his capacity as assignee of the debt.
The trial court correctly held that Gibbs, the plaintiff creditor, is the true owner of the judgment obtained by Mutual Credit for the debt due Gibbs by Thames, and it is not seriously contended otherwise. Gibbs assigned this account to the defendant Mutual Credit for collection only. He paid the court costs to obtain the judgment. Gibbs never transferred his ownership in the account or in the judgment.
By its appeal, Mutual Credit principally urges that the trial court erred in unconditionally decreeing Gibbs to be the owner of the Thames judgment. Mutual Credit contends that the court failed to recognize Mutual Credit’s contractual rights with respect to the judgment obtained by its efforts after the account had been assigned for collection.
1.
The Thames debt was assigned to Mutual Credit for collection by Gibbs under a written contract which provided, inter alia, for a fifty per cent contingency fee upon collection of accounts in the present category. The instrument provided that, after assignment, Mutual Credit was entitled to the collection fee due under the contract, irrespective of whether collection was made by the agency or by the creditor himself.
The contract contained the further provision, the interpretation of which is a principal question of this appeal: “If one or more accounts are given to Mutual Credit by the Undersigned [Gibbs] and at a later date the Undersigned [Gibbs] decides that, through no fault of Mutual Credit, to recall (or have the account released back) then the Undersigned [Gibbs] will pay Mutual Credit full commission on the account for efforts made.” (Italics ours.)
The petition alleges and the evidence shows that, prior to suit, Gibbs had requested Mutual Credit to return the Thames account. (Gibbs thought he could do better in collecting it.)
The defendant admits the request for return of the account, Tr. 39, 40, but he contends that Mutual Credit was under no obligation to do so until Gibbs paid the collection agency’s full commission on the account (that is, fifty per cent of the amount of the $451 judgment, or the sum of $225.-50), Tr. 47, 50. The defendant thus interprets the contractual provision above-quoted to mean that, before the creditor Gibbs could receive the reassignment of the Thames account, Gibbs was obligated to pay Mutual Credit the “full commission” *462 due just as if the account had actually been collected by Mutual Credit. This is a possible interpretation of the clause.
Nevertheless, under the contract as a whole, as well as under the circumstances of the relationship between Mutual Credit and Gibbs, in our opinion the better meaning of the clause is that, as to accounts returned at the request of the creditor through no fault of Mutual Credit, Mutual Credit was nonetheless entitled to the “full [icontingent] commission” if and when collection was made by the creditor himself:
The contract relationship was founded upon commissions being contingent upon collection. Tr. 46. The contract itself as a whole manifested this; the testimony of the defendant indicates this, Tr. 46, 47; and the forms and other correspondence between the agency and the creditors reiterate the agency’s slogan: “You pay for results only. No collection— No charge.” See, e. g., Exhibit P-4. Additionally, any ambiguity in the contract, executed on a printed form prepared by Mutual Credit, should be interpreted against Mutual Credit as the party which prepared it, see LSA-C.C. Art. 19S7, Sigue v. Texas Gas Transmission Corp., La.App. 3 Cir., 154 So.2d 800.
 The trial court therefore correctly held that Mutual Credit was obligated to reassign to Gibbs the judgment owned by Gibbs, without Gibbs being first required to pay in cash Mutual Credit’s (contingent) collection commission. (Gibbs’s petition prayed only for a monied judgment, but the trial court is authorized to grant any relief to which a party may be entitled under the evidence, whether or not such relief is specifically demanded by the pleadings. LSA-C.C.P. Art. 862).
We further find no error in the trial court’s assessing the defendant with the entire costs of the lower court proceedings. The plaintiff Gibbs specifically alleged that the defendant had refused to return the Thames account to the plaintiff. Art. 5 at Tr. 4. At the trial, Gibbs proved his right to obtain the reassignment to him of the Thames judgment. Gibbs was forced to secure this relief through this suit. The assessing of the defendant with the costs was therefore not an abuse of the trial' court’s discretion in the matter. See LSA-C.C.P. Art. 1920; Mire v. Hawkins, La.App. 3 Cir., 177 So.2d 795, syllabus 15.
The trial court judgment should thus be affirmed in the respects mentioned.
2.
By this appeal, the defendant Mutual Credit contends the trial court erred in failing to afford recognition to Mutual Credit’s contractual rights with rqgard to the judgment obtained by Mutual Credit against Thames.
As previously noted, as a consideration of the assignment of accounts to Mutual Credit for collection and of Mutual Credit’s efforts to collect them, the contract contained an agreement that, in consideration for the (prior) efforts of Mutual Credit to collect the account, Gibbs agreed to pay Mutual Credit the “full commission” upon accounts returned to him if and when he realized any collections upon same. This is a valid and enforceable condition of the collection contract. See Mutual Bankers Corp. v. Covington Bros. & Co., 277 Ky. 33, 125 S.W.2d 202 (1939).
Since we find (see below) that Mutual Credit did not neglect its contractual duties with regard to collection of this account, this collection agency thus correctly contends that the decree obtained by Gibbs below should be amended so as to reflect that the defendant Giering, owner of Mutual Credit, is entitled to receive fifty per cent of all amounts obtained upon the Thames judgment (which the trial court has correctly decreed to be owned by the plaintiff Gibbs).
*463 3.
The plaintiff Gibbs has answered the appeal to request amendment of the judgment so as to award him monied judgment against Mutual Credit in the full amount of the Thames account. Gibbs thus reurges his original demand that he be awarded monied judgment for the amount of the uncollected Thames debt on allegations that Mutual Credit negligently failed to collect the 1958 judgment it had obtained against Thames.
The following general principle is applicable: An agent to collect a debt must exercise reasonable care, skill, and diligence under the circumstances in the performance of the duties incident to the undertaking, and he will be liable to his principal for losses occasioned by his negligent or bad faith failure in this regard. See: Dauzat v. Simmesport State Bank, La.App. 3 Cir., 167 So.2d 681; Justin v. Delta Motor Line, Inc., La.App.Orl., 43 So.2d 53; Griffin v. Neelis, La.App.Orl., 14 La.App. 301, 125 So. 888; and cases therein cited. See also: McNeal v. Steinberger, 192 Okl. 283, 135 P.2d 490 (1943); Poile v. Stockton Merchants Association, 176 Cal.App.2d 100, 1 Cal.Rptr. 284, 76 A.L.R.2d 1151 (1959); Annotation, Liability of Collection Agency for Failure to Pursue Claim, 76 A.L.R.2d 1155; 3 C.J.S. Agency § 161c; 15 Am.Jur.2d, Collection and Credit Agencies, Section 17.
In the present case, for the reasons more fully stated by the trial court, we think the evidence shows that the defendant collection agency was reasonably diligent in its efforts to collect the Thames judgment. Actually, the evidence shows that collection could not reasonably be made since Thames was completely insolvent, and that the judgment was obtained principally because Thames is expected to inherit some property from which it may be paid. That Thames had borrowed money from his employer to pay other debts, does not prove that Mutual Credit was deficient in its own efforts to collect the claim, which efforts the evidence shows to have been reasonably diligent

Decree.

For the reasons assigned, therefore, the trial court decree is affirmed insofar as it recognizes that the plaintiff John W. Gibbs is the owner of the judgment in the amount of $451.07, etc., obtained by E. J. Giering, Jr. v. M. B. Thames (Docket No. 19,213, Eleventh Judicial District Court, Sabine Parish), and insofar as the defendant-appellant was cast with all costs of the lower court; but said decree is amended so as to recognize the right of E. J. Giering, the defendant-appellant, to receive fifty per cent (50%) of all amounts, exclusive of court costs, collected from Thames by or on behalf of the plaintiff-appellee Gibbs or his assigns. In view of the major alteration of the substance of the decree in the defendant-appellant’s favor upon his appeal, we think it equitable that the plaintiff-appellee be cast with all costs of this appeal. See LSA-C.C.P. Art. 2164.
Amended and. affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.